929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry E. SHOFFNER, Defendant-Appellant.
 No. 90-6029.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1991.
 
 On Appeal from the United States District Court for the Western District of Tennessee, 89-20218, Harton C.J.
 W.D.Tenn.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Jerry E. Shoffner raises three issues in his appeal: Did the district court err in determining that Shoffner had an aggravated role in the offense under Sec. 3B1.1(c) of the Sentencing Guidelines; in charging the jury regarding attempting to possess methamphetamine with intent to distribute; or by allowing the testimony of Jimmy Wayne Sheley to be transcribed and provided to the jury during its deliberations. We conclude that the district court did not err on any of these three issues and affirm its decision.
 
 
 2
 On August 10, 1989, Glenn Essary of the Shelby County Sheriffs Department's Metro Narcotics Dog Squad went to the postal service airmail facility to investigate some packages. One package was addressed to Jerry Shoffner, 4160 Pikes Peak, Memphis, Tennessee. This address was the address of Shoffner's residence. After Officer Essary's dog indicated that the package contained drugs, a postal inspector obtained a search warrant for the package. The postal inspector and Essary opened the package and found a cardboard box containing methamphetamine. They substituted the methamphetamine with baby powder, and the postal inspectors made a controlled delivery of the package to Shoffner's residence. Co-defendant Jimmy Wayne Sheley received the package. After the delivery, Shoffner and Sheley were arrested. Shoffner and Sheley were charged with, among other things, knowingly and intentionally possessing with intent to distribute approximately 32.4 grams of methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). On November 29, 1989, a jury convicted Shoffner on this count.
 
 
 3
 Sheley testified during the trial that Shoffner had told him of the package and asked him to sign for it. He testified that Shoffner had obtained packages of methamphetamine for approximately one year, receiving around one a month. Sheley added that he would purchase the methamphetamine from Shoffner for $100 per gram.
 
 
 4
 Shoffner first asserts the district court erred in finding that he was an organizer or leader of the offense. See United States Sentencing Commission, Guidelines Manual, Sec. 3B1.1(c). Shoffner asserts that because government witnesses only testified to the receipt of two packages and because Shoffner was not at his residence when arrested, he should not have had his base level raised by two levels for an aggravating role. He also contends that the crime for which he was convicted encompassed the elements that were set out in the pre-sentence report as aggravating his role in the offense. The United States asserts that the district court appropriately applied Sec. 3B1.1(c) to Shoffner's actions.
 
 
 5
 The commentary to Sec. 3B1.1 notes that in "relatively small criminal enterprises that are not otherwise to be considered as extensive in scope or in planning or preparation, the distinction between organization and leadership, and that of management or supervision, is of less significance than in larger enterprises that tend to have clearly delineated divisions of responsibility." Guidelines Manual, Sec. 3B1.1, comment. (backg'd.). The United States cites United States v. Williams, 894 F.2d 208 (6th Cir.1990), to illustrate the minimal amount of leadership evidence required to warrant application of this section. In Williams, the court found that the defendant's admission to setting up a cocaine transaction and then personally delivering the cocaine was sufficient to support the sentencing court's characterization of the defendant as an organizer. Id. at 214. Jimmy Sheley's testimony establishes that Shoffner requested Sheley receive and sign for the package. His testimony also establishes that Shoffner had been receiving the packages monthly for about a year and that he would sell them to Sheley. The crime for which Shoffner was convicted only accounts for his possession and intention to distribute the methamphetamine on one occasion; it does not account for the previous sales to Sheley. Although the United States has only produced evidence of one buyer, Shoffner's repeated purchases of methamphetamine and sales to the sole buyer are sufficient facts to establish a leadership role, indeed the only leadership role, in his small criminal enterprise.
 
 
 6
 Shoffner next asserts that the district court erred in charging the jury that he could be found guilty of the lesser offense of attempting to possess methamphetamine with intent to distribute. Shoffner contends that his due process rights were violated because the indictment only accuses him of possessing and attempting to possess methamphetamine. The government correctly points out, however, that the indictment charges Shoffner with of possession of methamphetamine with intent to distribute. Under FED.R.EVID. 31(c), a defendant may be found guilty of an attempt to commit the offense charged. See United States v. Marin, 513 F.2d 974, 976 (2d Cir.1975) (trier of fact may find defendant guilty of attempt to commit the offense charged in the indictment). Shoffner was indicted for possession with intent to distribute. The charge to the jury merely informed the jury that it could find Shoffner guilty of attempted possession with intent to distribute as well.
 
 
 7
 Lastly, Shoffner asserts that the district court erred by allowing the testimony of Sheley to be transcribed and provided to the jury. Shoffner argues that the jury was allowed to give undue weight to Sheley's testimony, noting Sheley was the only government witness who testified that more than two packages were sent. He asserts that because Sheley's testimony amounted to 23 pages of the transcript and the total transcript was 50 pages, the court abused its discretion by not providing the jury with the entire transcript. In United States v. Betancourt, 838 F.2d 168 (6th Cir.1988), this circuit concluded that "the furnishing of transcripts to a jury is generally well within the district court's discretion." Id. at 175. In Betancourt, the witness's heavy accent provided sufficient basis for the judge's ruling to provide the transcript. Like the court in Betancourt, the district court instructed the jurors that all the evidence was to be considered and that no undue credence was to be given. The government points out that due to the brevity of the trial the jury's request was reasonable and not difficult to comply with. See United States v. Schmitt, 748 F.2d 249, 256 (5th Cir.1984) (usual two reasons for not complying with jury request are (1) significant delay involved and (2) undue weight), cert. denied, 471 U.S. 1104 (1985). The government also points out that the entire transcript of Sheley's testimony was provided to the jury, therefore eliminating the possibility that the testimony may have been taken out of context. Because the judge instructed the jury to consider all the evidence and because of our limited review, we find the district court did not err in providing the transcript to the jury.
 
 
 8
 For the foregoing reasons, we affirm.